UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MENA LUCAS, R.B., M.B., and M.B., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:23 CV 1063 JMB |
| | ) |
| LARRY TAYLOR, UNITHERM FURNACE, LLC, and SAMUEL EBERHART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Larry Taylor's Motion to Quash Service of Process (Doc. 17), to which Plaintiffs have not filed a response. For the reasons set forth below, the Motion is **GRANTED** and the parties are directed to follow the instructions at the end of this Order.

**I.    Background**

Plaintiffs filed a complaint on July 14, 2023 in the Circuit Court of St. Louis County generally alleging negligence related to an automobile accident on Interstate 70 near Jennings Station Road[1] (Doc. 1-1). Summons issued for each of Defendants (Id. 26-28). Alias summons subsequently issued as to Samuel Eberhart at an address in Ballwin, Missouri[2] (Id. 36). Returns of service were filed for Unitherm Furnace, LLC (Id. 40) and Eberhart (a "Mu Ral (RES)" was served at the Ballwin, Missouri address on August 11, 2023) (Id. 41).

---

[1] In state court, Joseph Bryant was appointed next friend on behalf of the minor Plaintiffs; however, he is not listed in the caption of this lawsuit.

[2] The original summons listed an address in St. Charles, Missouri. However, the Deputy Sheriff was informed by the resident at that address that Eberhart had moved to Naples, Florida (Doc. 101, p. 35).

Page **1** of **5**

Unitherm Furnace removed this matter on August 23, 2023 (Doc. 1).[3] In the Notice of Removal, Unitherm Furnace represents that Lucas is a citizen of Georgia, that the minor Plaintiffs are citizens of Missouri, that Taylor is a citizen of Ohio, that Unitherm Furnace is a citizen of Florida, and that Eberhart is a citizen of Florida.  Unitherm Furnace further represents that Plaintiff Lucas made a demand in excess of $75,000 prior to filing suit.  Thus, Unitherm Furnace alleges that diversity of citizenship exists and the amount in controversy is sufficient for subject matter jurisdiction based on diversity.

After removal, summons was returned unexecuted as to Taylor (Doc. 8).  Alias summons was subsequently issued on August 31, 2023 for an address in Columbus, Ohio (Doc. 13) and returned executed on September 27, 2023 (Doc. 16).  In that return, a Deputy Sheriff of Franklin County, Ohio indicates that summons was handed to Denise Sciotto at the Columbus, Ohio address (Doc. 16).

The pending motion followed on October 18, 2023.  Taylor asserts that he does not live at the Columbus, Ohio address and he was not present at that address at the time of purported service; that there is no indication of who Ms. Sciotto is or her relationship to Taylor; and, that information on what was served is vague.  Attached to the motion is Ms. Sciotto's affidavit in which she states that she is over the age of 18, that the Sheriff attempted to serve Taylor at her address, that Taylor does not live there (which she told to the Deputy Sheriff), and that Taylor was not present at the time of service (Doc. 17-1).  As noted above, Plaintiffs have not responded to the motion.

---

[3] Attorneys Michael D. Cerulo and Domenica M. Russo cryptically indicate that they represent both Unitherm Furnace and Eberhart, as indicated in the signature block of the Notice of Removal.  Only attorney Russo has entered an appearance on behalf of Unitherm Furnace.  Neither attorney has entered an appearance on behalf of Eberhart.

**II.     Discussion**

Taylor seeks to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) which permits the defense of insufficient service of process. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks [personal] jurisdiction over the defendant."). Federal Rule of Civil Procedure 4 outlines service of process in Federal Court. See Barner v. Thomson/Center Arms Co. Inc., 796 F.3d 897, 900 (8th Cir. 2015) (holding that the Federal Rules apply after removal). The Rule provides that a summons and complaint must be served upon a defendant within the time provided by Rule 4(m) by a person who is at least 18 years old and not a party to the lawsuit. Fed.R.Civ.P. 4(c). Service upon an individual may be accomplished by "delivering a copy of the summons and complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P 4(e)(2)(A-C). Service may also be accomplished by following the law of state where service is made. Id. 4(e)(1). In this case, service was purportedly accomplished in Ohio. Ohio has similar service provisions as the Federal Rules and permits personal service and service upon an individual by "leaving a copy of the process and the complaint . . . at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Ohio Civ.R. 4.1. Taylor argues that service of process was not consistent with either Rule 4 or Ohio law.

Plaintiffs have the burden of demonstrating that service was proper. See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995). The undisputed evidence reveals that Taylor was not personally served and does not reside

at the Columbus, Ohio address.  As such, there is no showing that Taylor was properly served and service of process is hereby **QUASHED**.

Taylor has not sought dismissal of the claims against him.  Therefore, pursuant to 28 U.S.C. § 1448 and Rule 4(m), Plaintiff has 90 days from the filing of the Complaint in this Court, or until **November 21, 2023**, to properly serve Taylor.  Failure to do so, or to seek an extension pursuant to the Rule, shall result in dismissal of Taylor without prejudice.

There are additional issues in this lawsuit that require attention.  The Court notes that only Unitherm Furnace has filed an answer (Doc. 5).  Eberhart was served in state court but did not file an answer prior to removal.  If Eberhart was properly served, then pursuant to Rule 81, he is required to answer in either 7 or 21 days after removal depending on the circumstances.  This matter was removed on August 23, 2023 but no such responsive pleading has been filed.  If Eberhart was properly served, Plaintiff is **ORDERED** to seek default by **November 21, 2023**.  Failure to do so, or failure to explain why default is not appropriate, shall result in dismissal of Eberhart without prejudice for failure to prosecute.  If Eberhart was not properly served, then Plaintiff has until **November 21, 2023** to serve Eberhart.  As set forth above, failure to do so, or to seek an extension pursuant to Rule 4(m), shall result in dismissal of Eberhart without prejudice.

Finally, and perhaps most importantly, if Eberhart resides (or resided) in Missouri, then the basis of this Court's subject matter jurisdiction is called into question as he may also be a citizen of Missouri (as are some Plaintiffs).  Chavez-Lavagnino v. Motivaion Educ. Training, Inc., 714 F.3d 1055, 1056 (8th Cir. 2013) (holding that jurisdiction based on diversity turns on citizenship at the time the complaint is filed).  In turn, Unitherm Furnace's citizenship is likewise called into question.  See E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015).  This Court has an independent obligation to determine whether subject matter jurisdiction exists.  Hertz Corp.

v. Friend, 559 U.S. 77, 94 (2010).  Because there appears to be a conflict in the record, Defendant has the burden of demonstrating jurisdiction through competent evidence.  Accordingly, Defendant is **ORDERED to SHOW CAUSE** why this matter should not be remanded for lack of subject matter jurisdiction, in writing, by **November 30, 2023**.

**III.    Conclusion**

For the foregoing reasons, Defendant Taylor's Motion to Quash Service of Process (Doc. 17), is **GRANTED**.  The parties are directed to follow the instructions set forth above by the deadlines indicated.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2023