UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MENA LUCAS, R.B., M.B., and M.B., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1063 JMB |
| ) | |
| LARRY TAYLOR, UNITHERM FURNACE, ) | |
| LLC, and SAMUEL EBERHART, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Extension of Time to Serve Larry Taylor (Doc. 22), Plaintiff's Motion for Default Judgment as to Samuel Eberhart (Doc. 23), and Defendant Eberhart's Motion to Quash Service of Process (Doc. 24), to which Plaintiffs have not filed a response. For the reasons set forth below, the Motion for Extension of Time is **GRANTED**, the Motion for Default Judgment is **MOOT**, and the Motion to Quash Service of Process is **GRANTED**.

The circumstances surrounding service of process and the Notice of Removal were set forth in this Court's November 16, 2023 Order (Doc. 21) and will not be repeated here. It is sufficient to note that Plaintiffs failed to properly serve Defendant Taylor; and, in light of the uncontroverted evidence submitted by Defendant Eberhart (Doc. 26), Plaintiffs have failed to properly serve him as well. Thus, based on this evidence, Defendant Eberhart's Motion to Quash Service is **GRANTED** and Plaintiffs' Motion for Default Judgment, which is defective because Plaintiffs did not first seek entry of default as required by Federal Rule of Civil Procedure 55(a), is **MOOT**.

Plaintiffs, in their Motion for Extension of Time to serve Taylor, do not specify how much time they need. As such, they are granted until **January 5, 2024** to effect service. As to Defendant

Eberhart, Plaintiffs are likewise out-of-time to effect timely service.  They are nonetheless *sua sponte* granted until **January 5, 2024** to serve Eberhart also.  Failure to properly serve these Defendants within the deadline may result in dismissal of the claims against them.

Defendants have demonstrated that complete diversity exists among the parties and, considering the sufficient amount in controversy, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 27).

Once Defendants have been properly served and answers have been filed, this matter will be set for a Rule 16 conference.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of December, 2023